**David LUCAS, et al., Plaintiffs,**

v.

**Judy TOWNSEND, et al., Defendants.**

**Civ. A. No. 88-166-1-MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

March 7, 1989.

Neil Bradley, Laughlin McDonald, Kathleen Wilde and Derek Alphran, American Civil Liberties Union Foundation, Inc., Atlanta, Ga., for plaintiffs.

Craig N. Cowart and W. Warren Plowden, Jones, Cork & Miller, Ed. S. Sell, Jr. and Buckner F. Melton, Sell & Melton, Macon, Ga., and Della Wager Wells, King and Spalding, Atlanta, Ga., for defendants.

Before HILL, Circuit Judge, OWENS, Chief Judge, and FITZPATRICK, District Judge.

ORDER

The parties having stated at a pretrial conference held on March 2, 1989, before the originating judge that they do not desire to present further evidence or briefs on the issues required to be heard by this 28 U.S.C. § 2284 court of three judges, this court of three judges, for the reasons set forth in its order of November 2, 1988, does hereby declare and adjudge that the decision of the defendant Bibb County Board of Education to submit a single twenty-nine million dollar bond issue by referendum to the voters of Bibb County, Georgia rather than to submit four separate bond issues for the four categories of school improvements to be paid for by said bond issue, is not encompassed by Section Five of the Voting Rights Act of 1965 and, therefore, did not have to be submitted to the Attorney General of the United States for Section Five preclearance.

There being no further issues to be decided by this court of three judges, this court of three judges does hereby dissolve itself, leaving all remaining issues to be decided by the originating judge. Further, there being no just reason to delay entry of judgment on plaintiffs' Section Five claims, the clerk is expressly directed to enter judgment thereon for the defendants. Rule 54(b), Federal Rules of Civil Procedure.

SO ORDERED.